William Eugene BINGHAM, Appellee,

v.

Werva Jeanette BINGHAM, Appellant.

No. 62158.

Supreme Court of Oklahoma.

March 8, 1988.

Jerry V. Beavin, Robinson & Bower, Inc., Oklahoma City, for appellant.

Eric S. Gray, Kirk & Chaney, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ALMA WILSON, Justice:

The parties were granted a decree of divorce on March 31, 1982. On December 1, 1983, appellant filed a motion to modify the support alimony provisions of the 1982 divorce decree, pursuant to 1983 Okla.Sess. Laws, ch. 86, § 1 (effective November 1, 1983), codified in 12 O.S. § 1289. The appellee filed a motion to dismiss, which the trial court granted for the reason that the provisions of the 1983 amendment to 12 O.S. § 1289 applied prospectively.

Title 12 O.S.1981, § 1289 has been amended three times. The issue is whether § 1289(E), which permits modification of support alimony upon proof of changed circumstances, applies to an order of support alimony imposed in a decree of divorce rendered prior to the effective date of the statute.

In *Nantz v. Nantz,* 749 P.2d 1137, 59 OBJ 335 (Okla.1988) this Court construed the same statute, subsection D. The issue in *Nantz* was whether § 1289(D) could be applied retrospectively in order to consider a motion to modify the support alimony provisions of a divorce decree granted prior to the effective date of the statute. Subsection D allows modification when the supported party cohabits with a member of the opposite sex. This Court found that wording of the subsequent amendments evidenced a clear intent from the legislature that the statute be given retrospective affect. As the rationale in *Nantz* applies equally to this case, we hold that § 1289(E) must be given retrospective effect.

We therefore reverse the order of the trial court, and remand this case for consideration of the appellant's motion to modify the support alimony provisions of the decree of divorce.

REVERSED AND REMANDED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES and LAVENDER, JJ., concur.

OPALA and KAUGER, JJ., for the reason expressed in *Nantz v. Nantz*, 749 P.2d 1137, and SUMMERS, JJ., dissent.